IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VICKY WINKLER, Liquidating Trustee for the Liquidating Trust for the Estates of Professional Veterinary Products, Ltd., Exact Logistics, LLC and ProConn, LLC;<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN J. PRICE, TARA P. CHICATELLI, JAMIE C. MEADOWS, THOMAS E. WAKEFIELD, DONALD R. FOGLE, RHONDA L. PIERCE., A. DONALD JANEZIC., JR., VICKY WILKEY, SCOTT A. SHUEY, EILEEN S.H. MORRIS, JAMES A. HOFFMAN, and CHARLES W. LUKE,<br><br>Defendants. | **8:13CV52**<br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on motions to dismiss filed by defendants Tara P. Chicatelli, Donald R. Fogle, James A. Hoffman, A. Donald Janezic, Jr., Charles W. Luke, Eileen S.H. Morris, Rhonda L. Pierce, Stephen J. Price, Scott A. Shuey, Thomas E. Wakefield, and Vicky Wilkey, Filing No. 7, and Jamie C. Meadows, Filing No. 12[1] (hereinafter, "the officer and directors"), and on the plaintiff's objection to the court's consideration of matters outside the pleadings in connection with the defendants' motions to dismiss, Filing No. 19.[2]

---

[1] Defendant Meadows joins in the motion filed by the other defendants.

[2] Defendants submit four documents, all filings in the underlying bankruptcy case. See Filing No. 16, Index of Evid., Exs. 1 – 4. The documents are: (1) a motion to approve a settlement with DVM (Ex. 1); (2) the Bankruptcy Court's order approving the settlement with DVM (Ex. 2); (3) the Bankruptcy Court's order approving the Bankruptcy Liquidation Plan (Ex. 3); and (4) Plaintiff's Amended Complaint (Ex. 4). The documents purportedly refute arguments presented by the plaintiff in opposition to the defendants' motion.

This action was originally filed in bankruptcy court as an adversary proceeding. *See Winkler v. Price*, Case No. 12-AP-08049 (Bankr. D. Neb. July 7, 2012). The plaintiff, Vicky Winkler, is the liquidating trustee for the bankruptcy Estates of Professional Veterinary Products, Ltd., Exact Logistics, LLC and ProConn, LLC (hereinafter, collectively, "PVP"), all defunct entities. In her second amended complaint, Winkler asserts claims against the officers and directors of PVP for: 1) breach of fiduciary duty; 2) negligence; 3) negligent misrepresentation; 4) constructive fraud; and 5) "negligence of directors" for defendants' actions in approving an asset purchase agreement and master services agreement with Direct Vet Marketing, Inc. ("DVM"). *See Winkler v. Price*, Adv. Proc. No. 12-08049, Filing No. 23, Second Amended Complaint at 10-13 (Bankr. D. Neb. Jan. 18, 2013). Winkler alleges the defendants approved, ratified and condoned an agreement to sell certain assets of its business segment, Vet First Choice (an online subscription service) to DVM and to provide certain services and support to DVM, knowing that PVP's operations were not viable and its financial condition was precarious. *Id.* at 7-10. She further alleges that the defendants failed to conduct a reasonable inquiry and acted in reckless disregard of their fiduciary duty to act in the best interest of PVP and to exercise judgment in a manner to preserve, maintain, protect and develop the business interests of PVP, and engaged in a pattern of inattention amounting to abdication of their duties as officers and directors of PVP. *Id.* at 10, 13. Also, she alleges the defendants breached their duty of due care and acted in a negligent manner contrary to the interests of PVP. *Id.* at 11. She alleges that the officers and directors "acted in a manner contrary to the interests of PVP and negligently withheld information and/or negligently misrepresented

"facts and conditions that would have been relevant to the viability of PVP." *Id.* She also contends the defendants violated their duties as officers and directors "by making deceptive material misrepresentations of existing facts and/or remaining silent when the Officers and/or Directors had a duty to speak relative to the inability of PVP to perform its duties under the [agreements] and to subsidize or finance the cost of PVP performing its duties under the [service agreement]." *Id.* at 12. Winkler also alleges PVP relied on the representations and assurances of the defendants. *Id.*

The defendants' motions to dismiss the plaintiff's claims for failure to state a claim on which relief may be granted are premised on the business judgment rule. In addition, they move to dismiss the plaintiff's negligent misrepresentation and constructive fraud claims for failure to plead fraud with particularity under Fed. R. Civ. P. 9(b). They also argue that the plaintiff's negligence and "negligence of directors" claims are duplicative of each other and of the breach of fiduciary duty claim. Defendants also assert that the plaintiff's claim for attorney fees should be dismissed or stricken because attorney fees are not recoverable under Nebraska law. Defendant Chicatelli contends the plaintiff's claims against her should be dismissed because the facts alleged in the complaint show that she left employment with PVP months before the agreements at issue were approved.

## LAW

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P.

8(a)(2)).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).  In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'"  *Id.*  (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555-56.  In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 547.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  *Id.* at 678-79.  Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense."  *Id.* at 679.  A court

considering a motion to dismiss begins by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* The court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679.

"In adjudicating Rule 12(b) motions, courts are not strictly limited to the four corners of complaints." *Dittmer Properties, L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013). Although courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, "courts additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Id.* (quoting *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n. 3 (8th Cir. 2012).

Under the Federal Rules, a party alleging fraud must state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). The rule is interpreted in harmony with the principles of notice pleading, and to satisfy it, the complaint must allege such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby. *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009). Essentially, the complaint must plead the who, what, where, when, and how of the alleged fraud. *Id.* Because this higher degree of notice is intended to enable the defendant to respond specifically and quickly to potentially damaging allegations, conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule. *Id.* The rationale behind Rule 9(b)'s particularity requirements applies with equal force to claims of negligent misrepresentation. *Baltimore County v. Cigna Healthcare*, 238 Fed. Appx. 914, 924 (4th Cir. 2007); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 583 (2d Cir. 2005) (per curiam); *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003); *Atlantic Richfield Co. v. Ramirez*, 176 F.3d 481, 1999 WL 273241 (9th Cir. 1999) (unpublished); *see also Farr v. Designer Phosphate and Premix Intern., Inc., 5*70 N.W.2d 320, 326 (Neb. 1997) (stating "(b)ecause negligent misrepresentation requires an intent to induce reliance, it is more appropriately viewed as a subspecies of fraud.").

Because breach of fiduciary duty is akin to malpractice under Nebraska law and because malpractice is a form of negligence, the elements of negligence constitute the elements of a breach of fiduciary duty cause of action under Nebraska law. *McFadden Ranch, Inc. v. McFadden*, 807 N.W.2d 785, 790 (Neb. Ct. App. 2011). In order to

recover on a breach of fiduciary duty claim, a plaintiff must prove (1) that the defendants owed it a fiduciary duty, (2) that they breached the duty, (3) that the breach was the cause of the injury to the company, and (4) that the company was damaged. *Id.* Constructive fraud is the breach of a duty arising out of a fiduciary or confidential relationship. *Id.*; *In re Estate of Hedke*, 278 Neb. 727, 775 N.W.2d 13 (2009). "Constructive fraud is by definition the breach of a fiduciary duty." *McFadden Ranch*, 807 N.W.2d at 790 (engaging in a single analysis). Neither actual dishonesty or purpose nor intent to deceive is an essential element of a constructive fraud claim. *Vogt v. Town & Country Realty of Lincoln, Inc.*, 194 Neb. 308, 231 N.W.2d 496 (1975).

It is clear that a corporate officer or director owes a fiduciary duty to the corporation. *Sadler v. Jorad, Inc.*, 680 N.W.2d 165, 172 (Neb. 2004). When a corporation becomes insolvent, the directors assume a fiduciary duty to the company's creditors. *Id.* "A corporate director must act in the best interests of shareholders and is obligated to the duties of 'fidelity, good faith, and prudence with respect to the interests of security holders, as well as the duty to exercise independent judgment with respect to matters committed to the discretion of the board of directors and lying 'at the heart of the management of the corporation.'" *ConAgra, Inc. v. Cargill, Inc.*, 382 N.W.2d 576, 586 (8th Cir. 1986) (quoting *Great West. Prod. v. Great West United*, 613 P.2d 873, 878 (Colo. 1980). These duties are applicable to a director's acts in recommending a proposed merger. *ConAgra*, Inc., 382 N.W.2d at 586 (noting that in the context of a proposed merger, a director has a duty to act in an informed and deliberate manner).

"The business judgment rule is 'a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest

7

belief that the action taken was in the best interests of the company.'" *Sadler,* 680 N.W.2d at 170-71 (quoting *Aronson v. Lewis*, 473 A.2d 805, 812 (Del.1984), *overruled in part on other grounds, Brehm v. Eisner*, 746 A.2d 244 (Del. 2000)). Nebraska has codified the business judgment rule as it applies to directors and officers of a corporation in the Business Corporation Act. *See* Neb. Rev. Stat. § 21-2095 (directors); Neb. Rev. Stat. § 21-2099 (officers). Those statutory provisions provide that officers and directors have a duty to discharge their duties (a) in good faith, (b) with the care of an ordinarily prudent person in a like position would exercise under similar circumstances, and (c) in a manner he or she reasonably believes is in the best interest of the corporation. *Id.* The statutes also provide that officers and directors "shall not be liable for any action taken . . . or any failure to take any action, if he or she performed the duties of his or her office in compliance with this section." *Id.*

Under Nebraska law, it is not clear that the business judgment rule can or should be addressed at this stage of the pleadings. There is some authority in other jurisdictions for the proposition that the complaint must contain allegations that an officer or director acted fraudulently, without a good faith motive, without becoming sufficiently informed to make an independent business decision, or that the business decision cannot be attributed to any rational business purpose in order to overcome the presumption imposed by the business judgment rule. *See, e.g., FDIC ex rel. Wheatland Bank v. Spangler*, 836 F. Supp. 2d 778, 791 (N. D. Ill. 2011) (under Illinois law, "at the motion to dismiss phase, it stands to reason that the burden of proof is on the party challenging a corporate decision made by a director to present allegations that rebut the presumption created by the business judgment rule"); *In re Farmland Industries, Inc.,*

335 B.R. 398, 411 (Bankr. W.D. Mo. 2005) (applying Kansas law).   There is also authority for the proposition that, generally speaking, courts will not rely on an affirmative defense such as the business judgment rule to trigger dismissal of a complaint under Rule 12(b)(6).   *Halebian v. Berv*, 644 F.3d 122, 132-33 (2d Cir. 2011) (holding that the district court must adjudicate the claim within the framework of summary judgment by converting the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(d)); *Brown v. One Beacon Ins. Co.*, 317 F. App'x. 915, 916–17 (11th Cir. 2009) (generally, the existence of an affirmative defense will not support a motion to dismiss); *Fagin v. Gilmartin*, 432 F.3d 276, 284 (3d Cir. 2005)(New Jersey law); *In re Tower Air*, 416 F.3d 229, 238 (3d Cir. 2005) (Delaware law); *Gearhart Industries, Inc. v. Smith Intern., Inc.*, 741 F.2d 707, 720-21 (9th Cir. 1984) (under Texas law, business judgment rule is a defense); *Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Group Ltd.*, No. 05–60080, 2008 WL 926509, at * 4 (S.D. Fla. Mar. 31, 2008) ("Courts that have considered this subject concur that it is 'debatable' whether a court should consider the protection of the business judgment rule on a motion to dismiss."); *FSLIC v. Musacchio*, 695 F. Supp. 1053, 1064 (N.D. Cal. 1988) (applying California law and stating that the applicability of the rule is "peculiarly a question of fact" that is inappropriate for consideration on a motion to dismiss); *Heard v. Perkins*, 441 B.R. 701, 710–11 (Bankr. N.D. Ala. 2010) (assuming, under Georgia law, that the business judgment rule "must be considered as an affirmative defense."); *In re The Brown Schools*, 368 B.R. 394, 401 (Bankr. D. Del. 2007) (Delaware law).

Courts acknowledge, however, that, although the business judgment rule is an affirmative defense that is not generally applied to trigger dismissal of a complaint, it

may be considered in the context of Fed. R. Civ. P. 12(b)(6) when the applicability of the rule appears on the face of the complaint, and the plaintiff alleges no facts that would defeat the presumption that the rule applies.  *See, e.g., F.D.I.C. v. Briscoe,* 2012 WL 8302215, *2 (N.D. Ga. Aug 14, 2012) (under Georgia law, consideration of the business judgment rule as a presumption or affirmative defense is proper at the motion to dismiss stage only where the issue of the applicability of the business judgment rule appears on the face of the complaint and is not dependent upon additional evidentiary facts); *In re Reading Broadcasting, Inc.,* 390 B.R. 532, 555 (Bankr. E.D. Pa. 2008); *In re Tower Air, Inc.*, 416 F.3d at 238.

## DISCUSSION

A threshold issue is the plaintiff's objection to the evidence defendants submitted to the court in connection with the motion.  Although the court may take judicial notice of records and consider them on a motion to dismiss, the court has reviewed the documents and finds them largely irrelevant to the resolution of the issues presently before the court.  The allegations in the complaint that involve the swine integration business are provided as background to the plaintiff's claims.  Further, the court's resolution of the defendants' motion with respect to the fraud allegations renders the defendants' reliance on settlement documents moot.  Accordingly, the court has not relied on the documents and will sustain the plaintiff's objection to the documents.

The court finds, with respect to the breach of fiduciary duty claim, that the plaintiff has sufficiently pled facts which, if true, show that defendants failed to adequately inform themselves prior to making certain business decisions, and consequently, the plaintiff's allegations, taken as true, plausibly give rise to an entitlement to relief for

breach of fiduciary duty.  The plaintiff alleges that the defendants reviewed and approved the agreements with full knowledge of the precarious financial state of the company.  Essentially, she alleges that PVP's officers and directors disregarded a consultant's warning of impending insolvency and took no action to ensure financial stability.  These allegations, when viewed in the light most favorable to plaintiff, are sufficient to support a reasonable inference that the defendants breached their duty of care as fiduciaries.

The court finds the defendants cannot shield themselves from liability based on the business judgment rule at this early stage.  Even if the business judgment rule could be addressed, the plaintiff has adequately pled conduct that arguably would not be excused by the defense.  The plaintiff's allegations, taken as true, are sufficient at this stage to rebut any presumption in favor of director-approved transactions that would be created by the business judgment rule.

The court is not at this time prepared to agree with the defendants that the breach of fiduciary duty claims and the negligence claims are duplicative of each other.  Read as a whole, the plaintiff alleges that the defendants breached a duty imposed on them by their status as fiduciaries, not a duty of ordinary care separate from their positions as directors and officers.  Also, a constructive fraud claim under Nebraska law is generally the same as a breach of fiduciary duty claim when the liability of a fiduciary is involved.  However, the court is not prepared at this early stage to dismiss these claims.  At the close of discovery any duplicative legal claims can be sorted out.

The court finds that the plaintiff's allegations with respect to the negligent misrepresentation claim are not sufficient to satisfy the requirement under Fed. R. Civ.

P. 9(b) that allegations of fraud must be stated with particularity.  The plaintiff has not set out the who, what, where, when, and how of the allegedly misleading statements.  In the interest of justice, the plaintiff will be allowed to amend her complaint.

In the plaintiff's second amended complaint, defendant Tara P. Chicatelli is identified as PVP's former chief financial officer, who left PVP's employ in April 2010 is now employed as DVM's chief financial officer.  *See Winkler v. Price*, No. 12-08049, Filing No. 23, Second Amended Complaint at 10 (Bankr. D. Neb. Jan. 18, 2013).  The agreements at issue were approved in May 2010 and the complaint alleges that discussions with DVM began in the fall of 2009.  *Id.* at 7-8.  These allegations raise an inference of potential self-dealing by Chicatelli in the negotiation of the agreements.  Accordingly, the court finds the plaintiff has stated a claim against defendant Chicatelli, notwithstanding her departure from the company.  Accordingly,

IT IS ORDERED:

1.   The defendants' motions to dismiss (Filing Nos. 7 and 12) are denied.

2.   The plaintiff is granted leave to file an amended complaint alleging negligent misrepresentation with requisite specificity within 14 days of the date of this order.

3.  The plaintiff's objection (Filing No. 19) to the evidence submitted in connection with the defendants' reply is overruled.

 Dated this 17th day of July, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

12